Walter G. Jund v. Commissioner. Walter G. Jund and Helen M. Jund v. Commissioner.
Jund v. Commissioner
Docket Nos. 92579, 92580.
United States Tax Court
T.C. Memo 1963-79; 1963 Tax Ct. Memo LEXIS 265; 22 T.C.M. (CCH) 334; T.C.M. (RIA) 63079; March 18, 1963
Walter G. Jund, pro se, 82-66 161st St., Jamaica, N. Y. Eugene L. Wilpon, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined deficiencies of $520.13 for 1957 and $616.13 for 1958, and additions of $26.01 for 1957 and $30.81 for 1958 under section 6653(a) of the Internal Revenue Code of 1954, for negligence. The issues for decision are whether the Commissioner erred in disallowing itemized deductions for lack of substantiation and substituting the standard deduction for each year, and in disallowing dependency exemptions for each year. Findings of Fact Walter was unmarried in 1957 but he and a person described therein as Margaret Jund filed a return *266 for 1957 with the director of internal revenue at Brooklyn, New York. The Commissioner in determining the deficiency for 1957 disallowed exemptions of $3,000 claimed on that return and gave the following explanation in the notice of deficiency: Four exemptions claimed for Margaret Harrington and her three children are disallowed as you were not married to Margaret Harrington and you have not established that the three children bore such relationship to you as to qualify as your dependents (section 152(a) of the Internal Revenue Code of 1954). Because the Tax Table makes allowance for your exemption, the exemption claimed for yourself is disallowed in computing Adjusted Gross Income. The five exemptions were properly disallowed for the reasons stated. Walter was not married to Margaret during 1957 and has not proved any facts to show relationship to the three children. Walter was married to Helen during 1958 and furnished more than one-half of the support of her mother during that year. The mother was then 85 years of age, unable to work and had no property or income of her own. She lived in Walter's home and was supported solely by him. Walter claimed *267 the following itemized deductions for 1957: Contributions: St. Johns Ev. Lutheran Church, Glen-
dale, N. Y.
$ 40.00
Salvation Army, Jamaica
10.00
Bethlehem Orphan Home, Staten Is-
land
75.00
Wartburg Home, Fulton St. & Pa.
Ave. Brooklyn
50.00
Taxes: N. Y. Clty Sales Tax
98.00
Medical and dental expense: 1. Cost of medicines and
drugs, in excess of 1 per-
cent of line 11, page 1
$ 63.00
2. Other medical and dental
expenses
185.00
3. Total
$248.00
4. Enter 3 per cent of line 11, page 1
5. Allowable amount (excess of line
3 over line 4)
248.00
TOTAL DEDUCTIONS
$521.00
Line 11, page 1, was shown as
$3,845.35.
The Commissioner, in determining the deficiency, disallowed the deduction of $521 and allowed instead the standard deduction of 10 percent of gross income. The record does not show that the petitioner is entitled to any greater deduction for 1957 than has been allowed by the Commissioner. Walter and Helen claimed the following deductions on their return for 1958: Contributions: St. Johns Evan. Luth. Church,
Glendale
$100.00
Red Cross, N. Y.
25.00
Salvation Army, N. Y.
100.00
St. Nicholas Valentine R.C.
Church, Jamaica
100.00
Church of Good Council,
Brooklyn
75.00
Charities, Cancer, St. Joseph
Home, T.B., etc.
75.00
Wartburg Home for Aged,
Brooklyn, N. Y.
25.00
Lutheran Home for Children,
Fort Wadsworth, N. Y.
67.00
Total
$659.00
Interest: Interest on mortgage resi-
dence paid to Ninth Federal
S & L Asso. N. Y.
$528.00
Special Sewer Assessment
21.35
Total
549.35
Taxes: Real Estate Taxes Residence
$357.29
New York City Sales Tax
185.00
Total
542.29
Medical and Dental expenses: 1. Cost of medicines and
drugs IN EXCESS of 1
percent of line 11, page
1
$250.00
2. Other medical and dental
expenses
457.00
3. Total
$707.00
4. Enter 3 percent of line 11,
page 1
211.47
of line 3
5. Allowable amount (excess of line
3 over line 4)
$595.53
Other deductions: Roof damage caused by leak
in roof and skylite, dam-
aged rug
$100.00
Tools
200.00
Carrying charges - Montgom-
ery Ward
50.00
Damages paid to B. Castro-
vinco, Jackson Heights
223.00
Aluminum awning blown away
39.00
2 Garbage containers taken
12.98
Large tree snapped by storm
60.00
Slates (tiles) loosened by
storm
50.00
Total
724.98
TOTAL DEDUCTIONS
$3,071.15
Adjusted gross income, line 11, page
1, reported $7,049.
*268 The Commissioner, in determining the deficiency for 1958, disallowed the claimed deduction of $3,071.15 for lack of substantiation and in lieu thereof allowed the standard deduction, 10 percent of adjusted gross income, in the amount of $704.90. Some of the reductions were allegedly those of Helen. The record does not justify a larger deduction than that allowed by the Commissioner. Opinion Walter was the only witness. His testimony adds little, if anything, to corroborate or substantiate any of the deductions listed and claimed on his returns in the total amount of $521 for 1957 and $3,071.15 [1] for 1958. He could not remember so far back and did not exhibit any documents which would establish any total shown on his returns. The Court and counsel for the respondent both tried in vain to help him. The record establishes that Walter was not entitled to the five exemptions claimed for 1957 and does not justify any increase in the deduction allowed by the Commissioner for that year. The Commissioner allowed a deduction of $704.90 for 1958 and there would be no justification to increase that amount based upon the weak evidence in this record. *269 Decisions will be entered under Rule 50.[2]
Footnotes
1. Contributions listed $567 instead of $659 and the medical deduction is erroneously computed for 1958.↩
2. By official order of the Tax Court, dated March 29, 1963 and signed by Judge Tietjens↩, the court's opinion, filed March 18, 1963, was amended by striking the words "Decisions will be entered for the respondent" and inserting the conclusion "Decisions will be entered under Rule 50."